HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWIN S. MILLER,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY and KING COUNTY METRO TRANSIT and JOHN AND JANE DOES 1-10,<br><br>Defendants. | No. 2:24-cv-00580-RSL<br><br>STIPULATED MOTION AND ORDER TO STAY PROCEEDINGS |

## I. INTRODUCTION

Pursuant to LCR 10(g), Plaintiff Edwin S. Miller and Defendants King County and King County Metro Transit (together the "Parties") submit this stipulated motion to stay proceedings in this case pending the United States Supreme Court's ("Supreme Court") disposition of the petition for a writ of certiorari in *Detwiler v. Mid-Columbia Medical Center*, 156 F.4th 886 (9th Cir. 2025), No. 26-196, and, if certiorari is granted, resolution of the case. The petition was filed on August 13, 2026. The Parties agree that a stay will conserve judicial resources and promote efficiency given the overlap between the issues presented in *Detwiler* and this case.



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## II. AUTHORITY

"A district court has discretionary power to stay proceedings in its own court." *Olea v. Chipotle Mexican Grill, Inc.*, 2025 WL 1662001, at *2 (W.D. Wash. June 12, 2025) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005)). "A trial court may[] find it is efficient for its own docket and the fairest course for the parties to enter a stay of action before it, 'pending the resolution of independent proceedings which bear upon the case.'" *Id*. (quoting *Levya v. Certified Grocers of California*, Ltd., 593 F. 2d 857, 863 (9th Cir. 1979)).

A stay is appropriate here because there is substantial overlap between *Detwiler* and this case. In *Detwiler*, the Ninth Circuit affirmed dismissal of a religious discrimination claim under Title VII and a parallel Oregon statute for failure to state a claim, addressing what is sufficient to plead a bona fide religious belief that conflicts with an employment requirement. 156 F.4th at 895–97. In doing so, the Ninth Circuit addressed the plaintiff's reliance on the principle that the body is a temple in support of her objection to an employment requirement related to COVID-19. *Id*. at 896–97. Miller similarly relied on the principle that his body is a temple in support of his request for a religious exemption from King County's COVID-19 vaccination requirement. Like the plaintiff in *Detwiler*, Miller asserts a religious failure-to-accommodate claim under Title VII, as well as a parallel claim under state anti-discrimination law. Given this overlap, the Parties agree that the Supreme Court's disposition of the petition for certiorari in *Detwiler*, and, if certiorari is granted, resolution of the case, is likely to provide substantial guidance concerning the remaining discovery, expert work, and dispositive briefing in this case. A stay may therefore avoid unnecessary discovery, expert work, and briefing, while allowing the Parties and the Court to proceed with the benefit of the Supreme Court's guidance. The Parties agree that the benefits of a stay outweigh any delay and that no party will be prejudiced by a stay.



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

If the Supreme Court denies the petition for certiorari, the Parties agree that within 14 days of that disposition they will submit a status report and proposed scheduling order addressing further proceedings in this case. If the Supreme Court grants the petition, the stay will remain in effect pending resolution of *Detwiler*, and the Parties will submit a status report within 14 days after the Supreme Court issues its decision.

## III. STIPULATION

For the reasons stated above, pursuant to LCR 7(d)(1) and LCR 10(g), the Parties respectfully request that the Court stay proceedings in this matter pending the Supreme Court's disposition of the petition for certiorari in *Detwiler*, and if certiorari is granted, resolution of the case.

I certify that this memorandum contains 564 words, in compliance with the Local Civil Rules.

STIPULATED to this 30th day of September, 2026.

PACIFICA LAW GROUP LLP

*s/ Kai A. Smith*
Kai A. Smith, WSBA #54749
Noe Merfeld, WSBA #56876
*Attorneys for Defendant King County*

PACIFIC JUSTICE INSTITUTE

*s/ Harold H. Franklin, Jr.*
Harold H. Franklin, Jr., WSBA #20486
*Attorneys for Plaintiff*



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**ORDER**

IT IS SO ORDERED that the matter is STAYED pending the appeal in *Detwiler v. Mid-Columbia Medical Center*, 156 F.4th 886 (9th Cir. 2025), No. 26-196. All existing deadlines are VACATED.

Within 14 days after the Supreme Court denies certiorari in *Detwiler*, or if certiorari is granted, within 14 days after resolution of the case, the Parties shall submit a status report and proposed scheduling order addressing further proceedings in the case.

DATED this 1st day of October, 2026.

Honorable Robert S. Lasnik
United States District Judge

Presented by:

PACIFICA LAW GROUP LLP

*s/ Kai A. Smith*
Kai A. Smith, WSBA #54749
Noe Merfeld, WSBA #56876
*Attorneys for Defendant King County*

PACIFIC JUSTICE INSTITUTE

*s/Harold H. Franklin, Jr.*
Harold H. Franklin, Jr., WSBA #20486
*Attorneys for Plaintiff*



PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750